**In re Eugene S. ALESHIN, Petitioner.**

**No. 675.**

United States Court of Appeals, Federal Circuit.

Aug. 14, 2001.

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

BRYSON, Circuit Judge.

ORDER

Eugene S. Aleshin petitions for a writ of mandamus to direct the United States Pat-

ent and Trademark Office (PTO) to, generally, assist him in obtaining a patent.

It is not entirely clear from Aleshin's submissions what has transpired at the PTO. However, the crux of Aleshin's complaint seems to be that an examiner deemed his application to be abandoned because Aleshin did not respond to a first office action. Aleshin asserts in his papers that he was given a one-month extension of time to respond and that he responded within that extended time. It appears that the PTO may not have received Aleshin's package, sent from Russia. Alternatively, the PTO may have mistakenly believed that Aleshin's response was an attempt to file a new application.

The procedure within the PTO for seeking review and reconsideration of a notice of abandonment is to petition the Director for such relief. Aleshin does not indicate that he has filed a petition with the Director.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Even assuming that we have mandamus jurisdiction over this matter, we decline to grant Aleshin's petition. First, it is not entirely clear what specific relief Aleshin seeks. Second, and more importantly, Aleshin has not shown with respect to seeking review of the notice of abandonment that he has no other means of attaining the relief desired. Aleshin may seek review of the examiner's notice of abandonment by way of a petition to the Director filed pursuant to 37 C.F.R. § 1.118 or, alternatively, Aleshin may seek revival of his abandoned application by filing a petition pursuant to 37 C.F.R. § 1.137.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.